## In re POST.

(District Court, N. D. Ohio, E. D.   March 21, 1919.)

### No. 6824.

BANKRUPTCY ⬧⟹244—TESTIMONY BEFORE REFEREE—"DEPOSITION."

In General Order No. 22 (89 Fed. x; 32 C. C. A. x), providing that depositions taken before a referee shall be taken down in writing, read over to the witness, and signed by him, the word "deposition" applies to all hearings in bankruptcy matters before a referee, in which the bankrupt or other witnesses are examined.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deposition.]

In Bankruptcy. In the matter of L. B. Post, bankrupt. On review of order of referee. Affirmed.

The opinion of Referee Friebolin is as follows:

This matter comes before me upon the application of the trustee for an order requiring bankrupt to sign testimony previously given by him before the referee in the general examination of the bankrupt by the trustee, and the objection raised by the bankrupt to the granting of such order. The sole question to be determined is the power of the referee to order bankrupt to sign testimony given by him and taken down in writing.

When the application came on for hearing, bankrupt questioned the accuracy of the testimony as written by the stenographer which was changed so that no objection was made to the signing of the testimony for that reason. Coming to the question of the power of the referee to order a witness to sign his testimony, the only authority in the law is General Order 22 (89 Fed. x, 32 C. C. A. x) which reads as follows:

"The examination of witnesses before the referee may be conducted by the party in person or by his counsel or attorney, and the witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode now adopted in courts of law. A deposition taken upon an examination before a referee shall be taken down in writing by him, or under his direction, in the form of narrative, unless he determines that the examination shall be by question and answer. When completed it shall be read over to the witness and signed by him in the presence of the referee. The referee shall note upon the deposition any question objected to, with his decision thereon; and the court shall have power to deal with the costs of incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just."

The only possible question there can be is whether the word "deposition," used in the sentence, "A deposition taken upon an examination shall be taken down in writing," which in the next sentence is required to be read over to the witness and signed by him, refers to the examination of the witness before the referee.

The attorney for the bankrupt claims that the word "deposition," as here used, means a deposition which has been taken under other provisions of the law, and does not refer to a general examination of a bankrupt or a witness in the jurisdiction where he lives. After considering the matter carefully, I have concluded that the word "deposition," as here used, means written testimony given upon the examination of a witness in a bankruptcy proceeding whether upon general examination or not, and that the witness can be required to sign the same.

There are no cases that I can find that are exactly in point. Several decisions, however, assume the accuracy of the position I have taken. For example, see In the matter of Kaplan Bros. (C. C. A. 3d Cir.) 32 Am. Bankr. Rep.

305, 213 Fed. 753, 130 C. C. A. 267; In re Bard (D. C. N. Y.) 5 Am. Bankr. Rep. 810, 108 Fed. 208, and the Petition of Moulthrop, decided by the Circuit Court of Appeals for the Sixth Circuit, and found in 41 Am. Bankr. Rep. 654, 249 Fed. 468, 161 C. C. A. 426.

In the last case, the testimony was taken by a stenographer in a general examination. The question at issue was the right of the bankrupt to have a copy. The court held that the bankrupt was entitled to a copy and then used these words: "Neither the fact that the testimony has not been read over and signed by the witness (as provided by General Order No. 22), nor that it cannot be used as evidence against the bankrupt, can affect the right to inspection and copy."

Collier on Bankruptcy, in commenting upon the duty of the bankrupt to submit to an examination, as provided by section 7 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [Comp. St. § 9591]), says on page 267: "The examination, when reduced to writing, should be read over by the bankrupt and subscribed by him; but it has been held that, where the testimony was not signed, it could be received in evidence on the testimony of the person who took the minutes."

Brandenburg on Bankruptcy, § 491, in treating the manner of examination says: "When completed, shall be read over to and signed by the witness in the referee's presence. * * *"

I ordered the bankrupt to sign the testimony as corrected, which he refused to do, and he excepted to my ruling. I granted him 10 days to file a petition for review, which he has filed, and which is transmitted herewith.

L. A. Perry, of Cleveland, Ohio, for bankrupt.

White, Johnson, Cannon & Neff, of Cleveland, Ohio (A. V. Cannon, of Cleveland, Ohio, of counsel), for trustee.

WESTENHAVER, District Judge. The referee's order, requiring bankrupt to sign his testimony given before the referee on bankrupt's general examination, is affirmed, for the reasons and on the grounds stated in the referee's opinion.

Supporting this conclusion is the fact that a referee is not an officer before whom depositions generally may be taken under sections 863, 864, 865, 866, Revised Statutes (Comp. St. §§ 1472–1474, 1477). Nor is he a person authorized to administer oaths, except in bankruptcy proceedings pending before him. The word "deposition," as used in General Order 22 (89 Fed. x, 32 C. C. A. x), can only apply to hearings in bankruptcy matters pending before the referee, and must of necessity include all hearings in which the bankrupt or other witnesses are examined.

The referee's order is affirmed. An exception may be noted on behalf of petitioner.